UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD HART,

Plaintiff,

v.

SHAWN BREWER,

Defendant.

Case No. 25-cv-12485
Honorable Denise Page Hood
Magistrate Judge Elizabeth A. Stafford

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND TO STAY PROCEEDINGS (ECF NO. 17)**

---

Plaintiff Ronald Hart brings claims under 42 U.S.C. § 1983 stemming from the death of his daughter while she was incarcerated at the Women's Huron Valley Correctional Facility against Defendant Shawn Brewer, a former warden of that facility.  ECF No. 1.  The Honorable Denise Page Hood referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

Hart filed this suit pro se.  *See* ECF No. 1.  Brewer moved to dismiss, arguing in part that Hart lacks standing to bring claims on behalf of his daughter and noting that a similar lawsuit was previously dismissed because the complaint contained no allegations suggesting Hart is the legal

representative of his daughter's estate under Mich. Comp. Laws § 600.2922. ECF No. 14; *see also* Case No. 1:24-cv-13123, ECF No. 13. The Court ordered Hart to respond to the motion by July 20, 2026. ECF No. 15. On that date, an attorney filed an appearance on behalf of Hart along with a motion seeking an extension of 60 days to respond to the motion to dismiss and a stay of proceedings during that same period. ECF Nos. 16, 17. Hart states that the stay would allow him to petition the probate court for appointment as personal representative of his daughter's estate and then move this Court to substitute the estate as the real party in interest under Federal Rules of Civil Procedure 17(a) and 25.

The Court may modify the schedule for good cause. Fed. R. Civ. P. 16(b)(4). Hart was incarcerated and proceeding pro se at the time he filed this suit but has since been paroled and retained counsel. Hart also plans to seek appointment as the personal representative of his daughter's estate. Thus, there is good cause for an extension of time to respond to Brewer's motion to dismiss.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). When deciding a motion to stay, "courts consider three factors: '(1) whether a stay

2

will simplify the issues in the case or conserve judicial resources;

(2) whether a stay will unduly prejudice or present a clear tactical

disadvantage to the non-moving party; and (3) whether discovery is

complete and when (or whether) a trial date has been set.'" *Parker v. Lee*,

No. 23-11684, 2025 WL 2803822, at *1 (E.D. Mich. Oct. 1, 2025) (quoting

*Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *2 (E.D.

Mich. Oct. 28, 2022)).

Here, a stay would allow Hart, who recently retained counsel, to

address a threshold issue that previously proved fatal to his claims and that

has been raised by Brewer in the motion to dismiss.  And there is no undue

prejudice or clear tactical disadvantage to Brewer, especially because this

case is still in the pleadings stage and no scheduling order has yet been

issued.  Thus, all the factors weigh in favor of a stay.

The Court thus **GRANTS** plaintiff's motion (ECF No. 17), **EXTENDS**

the time to respond to the motion to dismiss until September 18, 2026, and

**STAYS** the proceedings until that date so Hart can seek appointment as

the personal representative of his daughter's estate.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 28, 2026

3

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager